IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BRIAN KANE § | |
| *Plaintiff* § | |
| § | |
| V. § | CIVIL ACTION NO.1:12-CV-343 |
| § | |
| OFFICER TIM BOBO § | |
| *Defendant* § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

BRIAN KANE, Plaintiff, brings this action for damages against OFFICER TIM BOBO, Defendant, and respectfully shows as follows:

## NATURE OF ACTION

1. This is a civil action for damages under 42 U.S.C. § 1983 and the common law of the State of Texas arising from police misconduct on the part of Defendant Tim Bobo, which resulted in serious, permanent, and disabling injuries to Brian Kane.

## PARTIES

2. Plaintiff is a citizen of Texas and resides in Gillespie County, Texas. Defendant Tim Bobo was, at all times relevant to this action, a police officer with the Fredericksburg Police Department. At all times material to this action, Bobo was a citizen of Texas and a resident of Gillespie County, Texas.

1

**JURISDICTION AND VENUE**

3.This action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the common law of the State of Texas. This Court has original jurisdiction over Plaintiff's constitutional and federal law claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a). This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same cause and controversy described by Plaintiff's federal claims.

4.Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and all or a substantial part of the events giving rise to these claims occurred in this District.

**FACTUAL ALLEGATIONS**

5.Plaintiff suffers from Type 1, juvenile-onset diabetes. On the morning of August 24, 2010, Plaintiff left his home in Fredericksburg in his car and proceeded toward his parents' home to attend to their dogs. Plaintiff was suffering the effects of severe low blood sugar, so he stopped at a convenience store to purchase a soft drink and candy bar. Plaintiff left the convenience store and began driving again, but he continued to feel the effects of low blood sugar and pulled into a parking lot. After waiting for a while, Plaintiff resumed driving toward his parents' home, but he continued to suffer the effects of low blood sugar.

6.      Defendant Bobo began following Plaintiff in a patrol car, activated his lights and pulled Plaintiff over on the side of Friendship Lane in Fredericksburg.  Bobo approached Plaintiff and asked him to produce his driver's license and proof of insurance.  Plaintiff complied and handed Bobo his driver's license along with a card which read:

> **I have diabetes.**  *I am not intoxicated.*  If I am unconscious or my behavior is peculiar, I may be having a reaction associated with diabetes or its treatment.

Bobo recognized that Plaintiff was slumping over, speaking slowly, and staring off into the distance, which are all clear signs of a diabetic episode.  Plaintiff even informed Bobo that he was suffering from low blood sugar and was confused.

7.      Despite that Plaintiff was clearly suffering a diabetic episode, Bobo ordered Plaintiff to exit the vehicle and walk to the side of the road.  Plaintiff continued to exhibit symptoms of severe low blood sugar.  Bobo then began to forcefully grab Plaintiff's arm, which was extremely sensitive due to a medical device that had previously been placed there.  When Plaintiff told Bobo not to touch his arm, Bobo forcefully and violently tackled Plaintiff and threw him to the ground.  The force of the tackle was so great, that Plaintiff suffered a severe fracture to his left shoulder and other injuries.

## FIRST CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983

8.      Plaintiff incorporates paragraphs 1 through 7 above.

9.      Bobo is a "person" as defined in 42 U.S.C. § 1983.  Acting under color of

3

state law, Bobo unlawfully and unreasonably seized Plaintiff, used excessive and unreasonable force to accomplish this unlawful seizure, and acted with deliberate indifference to the medical needs of Plaintiff. Bobo's actions were malicious and evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments. As a result of these actions of Bobo, Plaintiff was seized and deprived of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

10. As a direct and foreseeable consequence of these acts of Bobo, Plaintiff suffered severe personal injuries, physical harm, emotional trauma, loss of liberty, temporary and permanent impairment, medical expenses, disfigurement, and a loss of wage-earning capacity.

## SECOND CAUSE OF ACTION: ASSAULT AND BATTERY

11. Plaintiff incorporates paragraphs 1 through 10 above.

12. On the occasion in question, Bobo, acting intentionally, knowingly, or recklessly, made contact with Plaintiff's person, which caused Plaintiff to suffer severe and permanently disabling injuries.

13. As a result of Defendant's assault, Plaintiff has incurred, and will incur in the future, significant damages as set forth below.

## THIRD CAUSE OF ACTION:
## NEGLIGENCE

14.     Plaintiff incorporates paragraphs 1 through 13 above.

15.     On the occasion in question, Bobo was negligent by failing to use exercise ordinary care in his stop, detention, and apprehension of Plaintiff. This negligence of Bobo was a proximate cause of the damages incurred by Plaintiff as set forth below.

## DAMAGES

16.     As a result of the actions of Defendant Bobo, Plaintiff has incurred, and will incur in the future, the following damages: medical expenses; physical pain and mental anguish; temporary and permanent impairment; disfigurement; and, loss of wage-earning capacity. Plaintiff seeks an award of these damages.

17.     The actions of Defendant described above were committed maliciously, intentionally, and with conscious indifference to the rights, safety, and welfare of Plaintiff. In addition, the actions of Defendant on the occasion in question constituted gross negligence or otherwise rise to the level of conduct that justifies an award of exemplary damages. Plaintiff seeks an award of exemplary damages in an amount to be determined by the jury in this case.

## CLAIM FOR ATTORNEY'S FEES

18.     Plaintiff seeks an award of attorney's fees incurred in the prosecution of this suit.

## JURY DEMAND

19. Plaintiff hereby demands trial by jury for all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendant be summoned and appear herein, for an early trial by jury, and upon trial, judgment for the following:

a. Actual and exemplary damages in an amount to be determined by the trier of fact;

b. Attorney's fees, litigation expenses, and costs of court;

c. Pre-judgment and post-judgment interest at the highest rate allowed by law; and,

d. such other relief, at law or equity, to which Plaintiff may show himself entitled.

Respectfully submitted,

BAYNE, SNELL & KRAUSE
8626 Tesoro Drive, Suite 500
San Antonio, Texas 78217
Telephone: (210) 824-3278
Telecopier: (210) 824-3937


BY: _____
David C. "Clay" Snell
State Bar No. 24011309
ATTORNEY FOR PLAINTIFF